IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

    vs.

ANGRES KAU,

        Defendant.

**CRIMINAL CASE NO. CM0553-11**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed January 15, 2013. Oral arguments were heard on February 10, 2014. Assistant Attorney General Lisa D. Lorig appeared on behalf of the Government and Assistant Public Defender Terrance A. Long represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 4, 2011, the Government filed a complaint to charge Defendant with (1) driving under the influence of alcohol, as a Misdemeanor; (2) driving under the influence of alcohol (BAC), as a Misdemeanor; (3) driving under the influence of alcohol (BAC) while under age of 21 years, as a Misdemeanor; (4) leaving the scene of accident with property damage, as a Petty Misdemeanor; and (5) operation of a motor vehicle without a valid operator's license, as a Petty Misdemeanor. On May 16, 2011, the Superior Court of Guam entered a summons for Defendant to appear and answer on June 15, 2011. There is nothing in the record to indicate that any service of the summons was attempted, and no affidavits of service or non-service were filed. On June 15, 2011, Magistrate Judge Albert E. Tolentino declared Defendant was not present and recommended re-issuance of summons due to non-service return by the Deputy Marshal.

On August 15, 2011, the Honorable Alberto C. Lamorena reissued the summons commanding Defendant to appear and answer on September 14, 2011. On September 16, 2011,



Magistrate Judge Tolentino declared Defendant was not present in court on September 14, 2011 and having determined that reasonable and diligent attempts were made by the Deputy Marshal to personally serve Defendant a copy of the Summons without success, the Magistrate Judge recommended a Bench Warrant be issued against Defendant. No affidavits of service or non-service were filed.

On August 7, 2013, Defendant was arraigned, two years and three months after the filing of the complaint.

On January 15, 2014, Defendant filed the present motion to dismiss because he was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues that the delay is not excused by good cause and that the complaint should be dismissed with prejudice.

On January 29, 2014, the Government filed an opposition. The Government concedes that dismissal is appropriate in this case, but asserts that the present case should be dismissed without prejudice.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)" to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

### 1. Good Cause to Delay Prompt Arraignment

Under Guam law, cases that evaluate delay and good cause in the statutory speedy trial context are instructional for the purposes of prompt arraignment under 8 GCA § 60.10. *People v. Julian*, 2012 Guam 26 ¶ 35. A speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

ORIGINAL

In this case, the Defendant was arraigned on August 7, 2013 and more than 60 days after the complaint was filed on May 4, 2011. There is nothing in the record to show that Defendant was served with a summons, indictment or bench warrant for over two (2) years. The parties do not allege, and the record does not indicate, that the Defendant absconded or attempted to avoid apprehension or prosecution. Most importantly, there is no allegation or indication that the Defendant's conduct caused the delay. The Defendant did not willfully disobey the summons and warrant in this case and the outstanding bench warrant does not constitute good cause to delay the Defendant's prompt arraignment for over two (2) years.

Furthermore, judicial delay in prompt arraignment is attributed to the Government. *Julian*, 2012 Guam 26 at ¶ 22. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)). For these reasons, the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts

and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See U.S. v. Perez,* Crim. No. 09–00025, 2011 WL 2294194, at *3 (D. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor,* 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis,* 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on August 7, 2013 and more than two years and three months after the complaint was filed on May 4, 2011. The length of this delay may give rise to a presumption of prejudice. *Flores,* 2009 Guam 22 at ¶ 49. The delay appears to have been caused, in part, by the failure to serve the summons and the bench warrant, and the responsibility for this delay weighs against the Government. *Julian* 2012 Guam 26 at ¶ 22. Another possible cause for the delay may have been an inability to serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Flores,* 2009 Guam 22 at ¶¶ 45-46. Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before Defendant appeared on July 27, 2013, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against a dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the less serious misdemeanor offense, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez,* 2011 WL 2294194, at *3-8.

Moreover, Defendant seeks dismissal with prejudice, but fails to articulate an argument for dismissal with prejudice in a way that allows a court to apply the recognized rules of law. *Lamb v. Hoffman,* 2008 Guam 2 ¶ 35. ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

For all of these reasons, the complaint shall be dismissed without prejudice.



## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign the Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

**SO ORDERED this** _12TH_ **day of March, 2014.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL